# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DANA LATHAM,
    Plaintiff,

vs.

OHIO PAROLE BOARD, et al.,
    Defendants.

Case No. 1:15-cv-488

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this civil rights action under 42 U.S.C. § 1983 against defendants Ohio Parole Board, the Ohio Department of Rehabilitation and Correction ("ODRC"), and Gary Mohr. (*See* Doc. 1).[1] By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as

---

[1] In the caption of the complaint, plaintiff names the ODRC, but does not list the ODRC as a defendant in the complaint. (*See* Doc. 1 at PageID# 1, 2).

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

2

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this § 1983 action against the following defendants: Gary Mohr, the Director of the ODRC; the ODRC; and the Ohio Parole Board. (Doc. 1, at PageID# 1, 2). In the complaint, plaintiff states that he was previously sentenced to serve a prison sentence of 19-65 years. Apparently after being paroled, plaintiff claims he returned to prison on charges of attempting to carry a concealed weapon and attempted abduction. Plaintiff indicates that he was scheduled to be released in July of 2007, but a detainer was lodged against him and the parole board "gave [him] a year for the detainer." (*Id.* at PageID# 3). According to the complaint, plaintiff saw the parole board again and received a release date of December 17, 2008. However, he claims he "was held for the same detainer . . . until 2-2009 and on 2-10-2009 the Sheriff's Department picked me up for the detainer." (*Id.*). Plaintiff claims he was given jail time credit and a release date of May 14, 2009, however he claims the parole board refuses to release him.

Plaintiff further claims that the parole board based its decision on a conduct report

charging plaintiff with having a homemade knife. Plaintiff claims that he has been punished three times for possessing the knife—first with a security increase, second with a criminal charge, and third by the parole board in denying him parole. On this basis, plaintiff claims defendants have violated his double jeopardy rights.

For relief plaintiff seeks release from prison. (*Id.* at PageID# 5).

The complaint should be dismissed for failure to state a claim upon which relief may be granted. First, the complaint should be dismissed against defendants Gary Mohr and the ODRC. Plaintiff names Gary Mohr as a defendant because of his supervisory position in the prison. However, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. See *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The complaint in this case does not contain any allegation of actions taken by defendant Mohr. The mere fact that defendant Mohr is the director of the ODRC is not enough to impose liability on him under section 1983. Therefore, plaintiff's section 1983 claims against defendant Mohr should be dismissed.

Plaintiff's complaint also fails to state a claim for relief under § 1983 against defendant ODRC, as this defendant is not a person under § 1983. Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured

4

by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. A local jail or correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983); *Powell v. Cook County Jail,* 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a "person" for § 1983 purposes); *Brooks v. Pembroke City Jail,* 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) (same); *Mitchell v. Chester County Farm Prisons,* 426 F. Supp. 271, 274 (E.D. Penn. 1976) (same)). *See also Dauban v. Marquette County Jail*, No. 2:06-cv-65, 2006 WL 2700747, at *3 (W.D. Mich. Sept. 18, 2006) (and cases cited therein). Accordingly, the complaint should be dismissed against defendant ODRC.

The complaint should also be dismissed as to the Ohio Parole Board because it is not subject to suit under § 1983. The Ohio Parole Board is a section within the Adult Parole Authority, a state agency. *See* Ohio Rev. Code § 5149.02; *Holson v. Good,* 579 F. App'x 363, 366 (6th Cir. 2014) ("The Parole Authority is undisputedly a state agency."). Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976). Nor has

plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress has not "explicitly and by clear language" expressed its intent to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979). Therefore, the Ohio Parole Board is immune from suit in this case and plaintiff's claims against this defendant should also be dismissed. *Murray v. Ohio Adult Parole Authority*, 916 F. 2d 713, 1990 WL 155692 at *2 (6th Cir. Oct. 17, 1990) (holding that the Eleventh Amendment barred the plaintiff's suit against the Ohio Adult Parole Authority).

Finally, because plaintiff seeks release from prison, his sole remedy is a petition for a writ of habeas corpus. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Therefore, in order to challenge the duration of his physical imprisonment plaintiff must pursue a habeas action against the proper party after exhausting his state court remedies. *See Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005) (while state prisoners may bring § 1983 action for declaratory and injunctive relief challenging constitutionality of state parole procedures, prisoners who seek immediate or speedier release from imprisonment must seek federal habeas corpus relief after fully exhausting state remedies). *See also* 28 U.S.C. § 2254(b)(1)(A) (providing that a person in custody pursuant to a state-court judgment must in general exhaust all "remedies available in the courts of the State" before seeking federal habeas relief).

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §§

1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted against any of the named defendants.

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint (Doc. 1) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 9/16/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANA LATHAM,
    Plaintiff,

vs.

OHIO PAROLE BOARD, et al.,
    Defendants.

Case No. 1:15-cv-488

Black, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).